■ SCOTT WILLIAMS, Respondent, v JP MORGAN CHASE & CO. et al., Appellants, et al., Defendant. [834 NYS2d 310]—

In an action to recover damages for personal injuries, the defendants JP Morgan Chase & Co. and JP Morgan Chase Bank appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated January 9, 2006, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he slipped and fell in a bank owned by the defendants JP Morgan Chase & Co. and JP Morgan Chase Bank (hereinafter collectively the Bank) due to a wet condition caused by snow being tracked into the lobby. The Bank moved for summary judgment dismissing the complaint insofar as asserted against it. To prevail, the Bank needed to establish, prima facie, that they did not create and did not have actual or constructive notice of the alleged dangerous and defective condition, or that they took reasonable precautions to remedy the same (*see Ruck v Levittown Norse Assoc., LLC,* 27 AD3d 444 [2006]; *Ford v Citibank, N.A.,* 11 AD3d 508 [2004]). However, the Bank failed to meet this initial burden of proof (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). As to the creation and notice of the alleged condition, the Bank merely pointed out anticipated gaps in the plaintiff's proof, which was insufficient (*see Picart v Brookhaven Country Day School,* 37 AD3d 798 [2007]). In support of its contention that it took reasonable precautions to remedy the alleged condition, the Bank, inter alia, submitted the testimony of an employee who stated that she walked the lobby floor numerous times a day and mopped where needed. However, that employee could not recall whether she was at the subject branch on the day in question. In sum, the Bank failed to proffer competent evidence in admissible form sufficient to meet its initial burden of proof. Thus, its motion was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Medical Ctr., supra*).

The Bank's remaining contentions are without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.