■ JANE RUIC, Appellant, v ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE et al., Respondents. [858 NYS2d 761]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 5, 2007, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered April 4, 2007, which, upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the defendants' motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, a volunteer religion teacher for special education students at a parochial school, was injured when she slipped and fell on the tile floor near the cafeteria entrance, which had allegedly become wet due to the melting of tracked-in snow.

To impose liability for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building, a defendant must have either created the dangerous condition, or had actual or constructive notice of it, and a reasonable time to undertake remedial action (*see Williams v JP Morgan Chase & Co.*, 39 AD3d 852 [2007]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Ford v Citibank, N.A.*, 11 AD3d 508 [2004]; *Friedman v Gannett Satellite Info. Network*,

302 AD2d 491 [2003]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidentiary proof that their employees had dried an accumulation of water near the cafeteria entrance approximately half an hour before the accident, and that they had no constructive notice of the particular wet condition which caused the accident. However, in opposition to the motion, the plaintiff raised a triable issue of fact as to whether she slipped in the same area where the defendants' employees had dried accumulated water on the floor prior to the accident, and whether the defendants' employees made this condition, of which they had actual notice, more hazardous by incomplete remedial measures (*see Nembhard v Mount Vernon City School Dist. Bd. of Educ.*, 300 AD2d 456 [2002]; *see also LoSquadro v Roman Catholic Archdiocese of Brooklyn*, 253 AD2d 856, 857 [1998]). The plaintiff also raised an issue of fact as to whether the defendants had constructive notice of the subject wet condition on the floor, which she allegedly observed approximately one hour prior to the accident (*see Kormusis v Jeffrey Gardens Apt. Corp.*, 31 AD3d 392 [2006]; *Backer v Central Parking Sys.*, 292 AD2d 408 [2002]). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied.

The defendants' remaining contention is without merit. Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur. [*See* 2007 NY Slip Op 30364(U).]