ANN MARIE MENTASI, Appellant, v ECKERD DRUGS et al., Respondents. [877 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated October 18, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on "slushy" snow and water which had been tracked inside the defendants' drug store during a snow storm. At her deposition, the plaintiff testified that when she made an earlier trip to the drug store about 40 minutes before the accident, there had been a mat inside the store near the entrance. However, that mat was no longer present when the plaintiff returned to the store, and after her fall she observed that the mat had been rolled up and pushed

against a wall. The defendants moved for summary judgment dismissing the complaint on the ground that they did not create the alleged hazardous condition, and had no actual or constructive notice of its existence. The Supreme Court granted the defendants' motion, and we reverse.

A defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (*see Ruic v Roman Catholic Diocese of Rockville Ctr.*, 51 AD3d 1000 [2008]; *Williams v JP Morgan Chase & Co.*, 39 AD3d 852 [2007]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Friedman v Gannett Satellite Info. Network*, 302 AD2d 491 [2003]). In moving for summary judgment, the defendants failed to make a prima facie showing that they neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Totten v Cumberland Farms, Inc.*, 57 AD3d 653 [2008]; *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511, 512 [2005]). The evidence submitted by the defendants in support of their motion, which included the plaintiff's deposition testimony, demonstrated the existence of an issue of fact as to whether their employees exacerbated the hazardous condition caused by tracked in snow by rolling up the mat that had been placed near the store entrance, leaving an accumulation of water. Furthermore, although the defendants were not required to constantly mop up all snow tracked into the store (*see Dubensky v 2900 Westchester Co., LLC*, 27 AD3d 514 [2006]; *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511 [2005]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]), given the duration of the ongoing storm and the evidence that the mat which had been present near the store entrance earlier in the day had been removed, a triable issue of fact exists as to whether the defendants had constructive notice of the slippery condition caused by tracked-in snow, and took reasonable precautions to prevent it (*see Friedman v Gannett Satellite Info. Network*, 302 AD2d 491, 492 [2003]; *LoSquadro v Roman Catholic Archdiocese of Brooklyn*, 253 AD2d 856 [1998]; *see also Elbert v Dover Leasing, LP*, 24 AD3d 497 [2005]). Mastro, J.P., Skelos, Dillon and Eng, JJ., concur.