*857 In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered May 29, 2012, which denied his motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when she slipped and fell on a wet floor at her workplace, on property owned by the defendant.
The Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. The defendant failed to establish that the action was barred by Workers’ Compensation Law § 11, as he failed to establish, prima facie, that he was either the alter ego of the plaintiffs employer (see Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 698 [2012]; Andrade v Brookwood Communities, Inc., 97 AD3d 711 [2012]; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 595 [2010]), or the plaintiff’s special employer (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]; Franco v Kaled Mgt. Corp., 74 AD3d 1142, 1142-1143 [2010]). The defendant also failed to demonstrate the absence of any triable issues of fact regarding whether the alleged dangerous condition was created by an employee of his (see Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078-1079 [2012]; Amendola v City of New York, 89 AD3d 775, 776 [2011]; Brown v Outback Steakhouse, 39 AD3d 450, 451 [2007]). The defendant’s failure to make a prima facie showing of his entitlement to judgment as a matter of law required the denial of the motion, regardless of the sufficiency of the plaintiffs opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The defendant’s remaining contentions are without merit, are not properly before this Court, or need not be reached in light of our determination. Balkin, J.E, Lott, Austin and Sgroi, JJ., concur.