■ ANTHONY ARCABASCIO, Appellant, v WE'RE ASSOCIATES, INC., Also Known as THE WE'RE GROUP, et al., Respondents. [4 NYS3d 125]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated February 15, 2013, which granted the separate motions of the defendant We're Associates, Inc., also known as The We're Group, and the defendants Mayco Building Services, Inc., and A.C.A. Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

In a slip-and-fall case, a defendant moving for summary judgment has the initial burden of making a prima facie showing that it did not create the condition on which the plaintiff slipped, and did not have actual or constructive notice of that condition (see Rogers v Bloomingdale's, Inc., 117 AD3d 933 [2014]; Armijos v Vrettos Realty Corp., 106 AD3d 847 [2013]; Johnson v Culinary Inst. of Am., 95 AD3d 1077 [2012]; Alston v Starrett City Assoc., 72 AD3d 711 [2010]; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598 [2008]). To constitute constructive notice, a dangerous condition must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Cassidy v City of New York, 121 AD3d 735 [2014]; Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923 [2014]). To meet its burden on the issue of constructive notice, a defendant "must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599; see Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d at 923; Johnson v Culinary Inst. of Am., 95 AD3d at 1077; Oliveri v Vassar Bros. Hosp., 95 AD3d 973 [2012]; Mei Xiao Guo v Quong Big Realty Corp., 81 AD3d 610, 611 [2011]). Mere refer-

ence to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice (*see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d at 923; *Rogers v Bloomingdale's, Inc.*, 117 AD3d at 933; *Herman v Lifeplex, LLC*, 106 AD3d 1050 [2013]; *Armijos v Vrettos Realty Corp.*, 106 AD3d at 847; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599).

Here, in support of their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, the defendants each failed to eliminate all triable issues of fact as to whether there was a foreign substance which caused the plaintiff to fall and, if so, whether they had constructive notice of the foreign substance in the stairwell where the plaintiff slipped and fell (*see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d at 855). Further, the defendant We're Associates, Inc., also known as The We're Group, failed to eliminate all triable issues of fact as to whether it created the alleged condition on the stairwell (*see Friedman v 1753 Realty Co.*, 117 AD3d 781 [2014]; *Altinel v John's Farms*, 113 AD3d 709 [2014]). The defendants' failure to establish their prima facie entitlement to judgment as a matter of law required the denial of their motions, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.