██ DAPHNE JORDAN, Respondent, v JUNCALITO ABAJO MEAT CORP., Doing Business as ASSOCIATED FOOD CORP., Appellant. [16 NYS3d 278]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 23, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Beceren v Joan Realty, LLC*, 124 AD3d 572 [2015]; *Payen v Western Beef Supermarket*, 106 AD3d 710 [2013]). While a "defendant [is] not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687, 687 [1998]; *see Paduano v 686 Forest Ave., LLC*, 119 AD3d 845 [2014]; *Sarandrea v St. Charles Sch.*, 118 AD3d 690, 691 [2014]; *Dubensky v 2900 Westchester Co., LLC*, 27 AD3d 514 [2006]), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (*see Mentasi v Eckerd Drugs*, 61 AD3d 650, 651 [2009]; *Ruic v Roman Catholic Diocese of Rockville Ctr.*, 51 AD3d 1000, 1001 [2008]; *Williams v JP Morgan Chase & Co.*, 39 AD3d 852 [2007]).

Here, the defendant failed to establish its entitlement to judgment as a matter of law. Contrary to the defendant's contention, the surveillance video which captured the accident did not unequivocally show that there was no water in the area where the plaintiff fell (*see generally Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654 [2014]). Additionally, the defendant failed to eliminate all triable issues of fact with regard to its contention that it did not have constructive notice of the alleged wet floor since it failed to proffer any evidence

demonstrating when the subject area was last cleaned or inspected prior to the plaintiff's accident (*see Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]; *Babb v Marshalls of MA, Inc.*, 78 AD3d 976 [2010]; *Williams v JP Morgan Chase & Co.*, 39 AD3d 852 [2007]). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.