■ DODO MILORAVA, Appellant, v LORD & TAYLOR HOLDINGS, LLC, Respondent. [20 NYS3d 398]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCormack, J.), entered October 17, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs,

and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff alleges that on May 18, 2010, she slipped and fell on water that accumulated on certain marble tile flooring near the entrance of the defendant's department store premises.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d 1012 [2015]; *Beceren v Joan Realty, LLC*, 124 AD3d 572 [2015]; *Payen v Western Beef Supermarket*, 106 AD3d 710 [2013]). While a "defendant [is] not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687, 687 [1998]; *see Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d at 1012; *Paduano v 686 Forest Ave., LLC*, 119 AD3d 845 [2014]), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (*see Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d at 1012; *Mentasi v Eckerd Drugs*, 61 AD3d 650, 651 [2009]; *Ruic v Roman Catholic Diocese of Rockville Ctr.*, 51 AD3d 1000, 1001 [2008]).

To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *Arcabascio v We're Assoc., Inc.*, 125 AD3d 904, 904 [2015]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]).

Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition. Neither the affidavit of the defendant's operations manager, nor the deposition testimony of the defendant's asset protection manager established when the area where the plaintiff fell, or any of the entrances to the store, were last inspected in relation to the plaintiff's fall. In her affidavit, the operations manager simply set forth what the general policies had been from the time she assumed that role in 2012, which is two years after the incident at issue. "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insuf-

ficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051-1052 [2013]; *see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d at 1038; *Arcabascio v We're Assoc., Inc.*, 125 AD3d at 904).

Thus, the defendant failed to meet its initial burden as the movant (*see Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d at 1013; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 934 [2014]). Accordingly, the Supreme Court should have denied the defendant's motion without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.