■ MARINA KRAVETS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendants. [20 NYS3d 587]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), entered December 9, 2013, which granted the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On September 25, 2010, at approximately 12:30 p.m., the plaintiff allegedly slipped and fell in the lobby of an apartment building owned and maintained by the defendant New York City Housing Authority (hereinafter the NYCHA) as a result of a wet and dirty condition on the lobby floor. The plaintiff commenced this action to recover damages for personal injuries, and the NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d 826, 827 [2015]; *Kiskiel v Stone Edge Mgt., Inc.*, 129 AD3d 672, 673 [2015]). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff slipped and fell (see *Bergin v Golshani*, 130 AD3d 767, 768 [2015]; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d at 1038; *Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d at 827). Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice (see *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d at 1038; *Barris v One Beard St., LLC*, 126 AD3d 831, 832 [2015]; *Arcabascio v We're Assoc., Inc.*, 125 AD3d 904, 904-905 [2015]).

Here, the NYCHA established that it did not create or have actual or constructive notice of the condition alleged by the plaintiff to have caused the accident. The affidavit of a NYCHA employee regarding his inspection of the area in question on the morning of the accident was specific enough to satisfy the NYCHA's initial burden on the issue of lack of constructive notice (see *Mehta v Stop & Shop Supermarket Co., LLC*, 129

AD3d at 1038-1039; *Wachovsky v City of New York*, 122 AD3d 724, 725 [2014]; *Hernandez v New York City Hous. Auth.*, 116 AD3d 662, 662-663 [2014]; *Armijos v Vrettos Realty Corp.*, 106 AD3d 847 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the NYCHA's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.