(March 30, 2016)

■ ANEES ANSARI et al., Respondent-Appellant, v MB HAMPTONS, LLC, Appellant-Respondent. [28 NYS3d 397]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered November 15, 2012, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as denied his cross motion pursuant to CPLR 3126 and 3124 to strike the defendant's answer based on its failure to comply with court-ordered discovery, or, in the alternative, to compel a response to his discovery demands.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff allegedly sustained personal injuries when he slipped and fell on a wet floor in a commercial building owned by the defendant. He commenced this action against the defendant seeking damages. The defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved to strike the defendant's answer for failure to respond to his outstanding discovery demands or, in the alternative, to compel a response. The Supreme Court denied the motion and the cross motion. The defendant appeals and the plaintiff cross-appeals.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged dangerous condi-

tion nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d 724, 725 [2015]; *see Kravets v New York City Hous. Auth.*, 134 AD3d 678, 679 [2015]; *Williams v New York City Hous. Auth.*, 119 AD3d 857, 857 [2014]). "To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (*Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d at 725; *see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *Williams v New York City Hous. Auth.*, 119 AD3d at 857). " 'Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish lack of constructive notice' " (*Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d at 725-726, quoting *Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051-1052 [2013]; *see Kravets v New York City Hous. Auth.*, 134 AD3d at 679).

Here, although the defendant's evening maintenance employee testified at his deposition about his regular cleaning routine for the building, he had no independent recollection of having cleaned the floor in question on the date of the plaintiff's accident. Furthermore, no deposition testimony was provided describing the condition of the floor in question on the date of the accident, including whether the maintenance employee had observed a water condition upon it. Since the defendant did not submit evidence regarding any specific inspection or cleaning of the area on the date of the accident, the defendant failed to establish that it did not have constructive notice of the alleged dangerous condition (*see Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d at 725; *Roy v City of New York*, 65 AD3d 1030, 1031 [2009]). The defendant's submissions also failed to eliminate all triable issues of fact as to whether it created the alleged dangerous condition (*see Arcabascio v We're Assoc., Inc.*, 125 AD3d 904, 905 [2015]; *Masse v Parrella*, 103 AD3d 856, 857 [2013]). Accordingly, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law, and thus, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for discovery sanctions or, in the alternative, to compel the defendant to respond to his

discovery demands (*see* CPLR 3126; *Lopes v Metropolitan Tr. Auth.*, 66 AD3d 744, 744 [2009]; *Denoyelles v Gallagher*, 40 AD3d 1027 [2007]). Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.