ABRAHAM JEREMIAS, Respondent, v LAKE FOREST ESTATES, Appellant. [46 NYS3d 188]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated June 15, 2015, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant moving for summary judgment in a slip-and-fall case has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d 724, 725 [2015]; *Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d 1012 [2015]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). To meet its initial burden on the issue of lack of constructive notice, the defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Schwartz v Gold Coast Rest. Corp.*, 139 AD3d 696, 697 [2016]; *James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d 927 [2016]).

Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition that caused the plaintiff to fall. The deposition testimony of the defendant's caretaker, submitted in support of the motion, did not establish when the accident site was last inspected in relation to the plaintiff's fall. The caretaker merely testified about general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, which is insufficient to establish a lack of constructive notice (*see James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d 927 [2016]; *Korn v Parkside Harbors Apts., LLC*, 134 AD3d 769, 770 [2015]; *Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d at 725-726; *Sesina v Joy Lea Realty, LLC*, 123 AD3d 1000, 1001 [2014]).

Thus, the defendant failed to meet its initial burden as the movant (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment, regardless of the sufficiency of the opposition papers (*see id.* at 852). In light of our determination, it is not necessary to reach the parties' remaining contentions. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.