■ VICTOR PEREZ, Appellant, v WENDELL TERRACE OWNERS CORP., Respondent. (Action No. 1.) VICTOR PEREZ, Appellant, v ARAS PROPERTIES, INC., Respondent. (Action No. 2.) [54 NYS3d 655]—

In two separate actions to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered September 30, 2014, which granted the joint motion of the defendant in Action No. 1 and the defendant in Action No. 2 for summary judgment dismissing the complaint in each action.

Ordered that the order is reversed, on the law, with costs, and the joint motion of the defendant in Action No. 1 and the defendant in Action No. 2 for summary judgment dismissing the complaint in each action is denied.

The plaintiff alleges that on January 6, 2011, he exited his apartment, walked down a carpeted hallway towards the entrance of a stairwell and, after entering the stairwell, began to descend the stairs. When he took the first step down, his right foot slipped, causing him to fall. After he got up, the plaintiff noticed that the bottom of his right sneaker was wet and he returned to the hallway, where he noticed numerous dark spots on the carpeting. He touched a "dark spot" and felt that it was wet. The plaintiff subsequently commenced separate personal injury actions against Wendell Terrace Owners Corp., the owner of the building (Action No. 1), and Ara Properties, Inc., the building's property manager (Action No. 2). The defendants jointly moved for summary judgment dismissing the complaint in each action. The Supreme Court granted the joint motion, and we reverse.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d 724, 725 [2015]). Here, contrary to the Supreme Court's finding, the defendants failed to establish, prima facie, that they did not create or have constructive notice of the alleged hazardous conditions. Among other things, deposition testimony submitted by the defendants demonstrated that, although the building superintendent and property manager inspected the building on a regular basis, there was no specific schedule for the inspections and there were no records of inspections. Further, there was no cleaning schedule for the stairways and, if someone made a complaint about a dangerous condition on a stairway, the superintendent would not write that down. "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051-1052 [2013]; *see Ansari v MB Hamptons, LLC*, 137 AD3d 1174, 1175 [2016]; *Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d at 725; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]).

Further, contrary to the defendants' contention, they did not establish their prima facie entitlement to judgment as a matter of law on the ground that the plaintiff was unable to identify the cause of his fall without resorting to speculation (*see Zorin v City of New York*, 137 AD3d 1116, 1117 [2016]; *Davis v Sutton*, 136 AD3d 731, 732 [2016]; *Quintana v TCR, Tennis Club of Riverdale, Inc.*, 118 AD3d 455 [2014]; *Antonia v Srour*, 69 AD3d 666, 667 [2010]).

Accordingly, the Supreme Court should have denied the defendants' joint motion for summary judgment dismissing the complaint in each action, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.