■ Stephanie Hickson, Appellant, v Walgreen Co., Doing Business as Walgreens and/or Walgreens Pharmacy et al., Respondents. [56 NYS3d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered March 30, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she slipped and fell on a wet floor in the card aisle of the defendants' store. The plaintiff subsequently commenced this action against the defendants, alleging that the hazardous condition on the floor had been caused by water and ice tracked in from a recent snow storm. After depositions had been conducted, the defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition that caused the plaintiff to fall, or have actual or constructive notice of the condition. The Supreme Court granted the motion, and we reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Jeremias v Lake Forest Estates*, 147 AD3d 742 [2017]; *Sesina v Joy Lea Realty, LLC*, 123 AD3d 1000, 1001 [2014]; *Altinel v John's Farms*, 113 AD3d 709, 710 [2014]). While a defendant is not required to cover all of its floors with mats, or to continuously mop up all moisture resulting from tracked-in rain (*see Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d 724, 725 [2015]; *Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d 1012 [2015]; *Paduano v 686 Forest Ave., LLC*, 119 AD3d 845 [2014]; *Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]), a defendant may be held liable for an injury proximately caused by a dangerous condition created by

water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (*see Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d at 1012; *Mentasi v Eckerd Drugs*, 61 AD3d 650, 651 [2009]; *Ruic v Roman Catholic Diocese of Rockville Ctr.*, 51 AD3d 1000, 1001 [2008]).

A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]).

Here, the evidence submitted by the defendants in support of their motion, including transcripts of the deposition testimony of the plaintiff and of the manager of the store at the time of the accident, was insufficient to establish, prima facie, that they did not have constructive notice of the alleged condition that allegedly caused the plaintiff to fall. The store manager stated that the store, which was open 24 hours a day, did not have set times when inspections were conducted, and that he did not know the last time that the card aisle had been inspected prior to the incident or what it looked like within a reasonable time prior to the incident. Under the circumstances, viewing the evidence in the light most favorable to the plaintiff, the defendants failed to establish, prima facie, that the condition that allegedly caused the plaintiff to fall was not visible and apparent and that it had not been there for a sufficient period of time for the defendants to have discovered and remedied it (*see Gordon v American Museum of Natural History*, 67 NY2d at 837-838; *Jeremias v Lake Forest Estates*, 147 AD3d 742 [2017]; *Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d at 725-726; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855, 856 [2013]; *Oliveri v Vassar Bros. Hosp.*, 95 AD3d 973, 975 [2012]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.