Quinones v Starret City, Inc. (2018 NY Slip Op 05510)





Quinones v Starret City, Inc.


2018 NY Slip Op 05510


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-05795
 (Index No. 506583/14)

[*1]Anthony Quinones, appellant, 
v
Starret City, Inc., et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryan], of counsel), for appellant.
Brody & Branch, LLP, New York, NY (Tanya M. Branch and Mary Ellen O'Brien of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 17, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On August 7, 2011, the plaintiff, a resident of an apartment building in Brooklyn (hereinafter the premises), allegedly was injured when he slipped on a puddle of what was alleged to be urine while descending an interior staircase of the premises. The premises is owned and operated by the defendants. The plaintiff alleged that while descending the stairs, he held onto the handrail, which was partially detached from the wall. The plaintiff alleged that as he slipped he tightened his grip on the handrail, which shifted down four to five inches, causing him to lose his balance.
The plaintiff subsequently commenced this action against the defendants. After discovery was completed, the defendants moved for summary judgment dismissing the complaint, contending that they did not create or have notice of the condition that allegedly caused the plaintiff's injuries, that the record demonstrated that the handrail was not disconnected, and, in any event, the plaintiff's testimony at his deposition did not implicate the handrail as a cause of his accident. The plaintiff opposed the motion. The Supreme Court granted defendant's motion, and the plaintiff appeals.
"A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing that it did not create the alleged dangerous or defective condition or have either actual or constructive notice of its existence for a sufficient length of time to discovery and remedy it" (Gairy v 3900 Harper Ave. LLC, 146 AD3d 938, 938; see Perez v Wendell Terrace Owners Corp., 150 AD3d 1162, 1163; Kane v Peter M. Moore Constr. Co., Inc., 145 AD3d 864). Only after a defendant satisfies this burden will the sufficiency of a plaintiff's opposition be examined (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598).
To meet its prima facie burden on the issue of constructive notice, a defendant [*2]moving for summary judgment must offer evidence as to when the area at issue was last cleaned or inspected before the accident (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 661; Rong Wen Wu v Arniotes, 149 AD3d 786, 787; Kravets v New York City Hous. Auth., 134 AD3d 678). "Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Rong Wen Wu v Arniotes, 149 AD3d at 787; see Eksarko v Associated Supermarket, 155 AD3d 826, 827; Mahoney v AMC Entertainment, Inc., 103 AD3d 855, 856).
Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous conditions. While the deposition testimony of the premises' porter and an affidavit of its superintendent, submitted by the defendants in support of their motion, demonstrated that the porter and the superintendent inspected and cleaned the premises on a regular basis, the defendants failed to present evidence of when the specific area where the plaintiff fell was last cleaned or inspected before the accident (see Eksarko v Associated Supermarket, 155 AD3d at 827; Perez v Wendell Terrace Owners Corp., 150 AD3d at 1163). Furthermore, the defendants failed to demonstrate, prima facie, that the handrail was not defective.
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court