Seedat v Capital One Bank (2019 NY Slip Op 01632)





Seedat v Capital One Bank


2019 NY Slip Op 01632


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-12465
 (Index No. 7116/15)

[*1]Chrisnadat Seedat, appellant, 
v
Capital One Bank, respondent.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel, Joshua Ram, Julie T. Mark, and Anna Badalian of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated September 21, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On January 6, 2015, between 5:30 p.m. and 6:00 p.m., the plaintiff allegedly slipped and fell on water on the lobby floor of the defendant's bank in Queens. The plaintiff alleged that it was snowing outside at the time of the incident, that he fell as soon as he entered the bank, and that he saw a lot of dirty water on the floor after he fell. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Hickson v Walgreen Co., 150 AD3d 1087; Jeremias v Lake Forest Estates, 147 AD3d 742; Sesina v Joy Lea Realty, LLC, 123 AD3d 1000, 1001; Altinel v John's Farms, 113 AD3d 709, 710). A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case (see Lebron v 142 S 9, LLC, 151 AD3d 835, 836; Lorenzo v 7201 Owners Corp., 133 AD3d 641).
Here, the defendant failed to meet its initial burden as the movant (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The defendant failed to affirmatively demonstrate that it did not have constructive notice of the condition that allegedly caused the plaintiff to fall (see Gordon v American Museum of Natural History, 67 NY2d 836; Lorenzo v 7201 Owners Corp., 133 AD3d at 641; Friedman v Gannett Satellite Info. Network, 302 AD2d 491). Since the defendant [*2]failed to meet its initial burden as the movant, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court