Pagan v New York City Hous. Auth. (2019 NY Slip Op 03608)





Pagan v New York City Hous. Auth.


2019 NY Slip Op 03608


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-13311
 (Index No. 500070/13)

[*1]Milagros Pagan, appellant, 
v
New York City Housing Authority, respondent.


Leav & Steinberg, LLP (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Linda M. Brown of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 1, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell in the stairwell of an apartment building owned and maintained by the defendant New York City Housing Authority (hereinafter NYCHA) as a result of a wet condition on the stairwell between the third and second floors. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that NYCHA allowed a dangerous condition to exist with notice and that NYCHA failed to remedy a recurrent condition of urine in the stairwell. NYCHA moved for summary judgment dismissing the complaint, claiming that it provided evidence, through the deposition testimony of the building's caretaker and an affidavit of the building's superintendent, that it neither created the alleged condition nor had actual or constructive notice of it. The Supreme Court granted NYCHA's motion, and the plaintiff appeals.
"A defendant moving for summary judgment in a slip-and-fall case has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Jeremias v Lake Forest Estates, 147 AD3d 742, 742; see Kravets v New York City Hous. Auth., 134 AD3d 678, 679). "A party, however, who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurance of that condition" (Kohout v Molloy Coll., 61 AD3d 640, 642; see Cruz v Rampersad, 110 AD3d 669, 670). "A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017).
Contrary to the plaintiff's contention, NYCHA established, prima facie, that it did not create or have actual or constructive notice of the condition alleged by the plaintiff to have [*2]caused the accident (see Kravets v New York City Hous. Auth., 134 AD3d at 679; Perez v New York City Hous. Auth., 75 AD3d 629). The deposition testimony of the building caretaker who was on duty the morning of the accident was sufficient to establish that the area where the plaintiff fell was inspected that morning before the plaintiff's accident occurred, and would have been cleaned if there were any hazardous conditions present during the inspection. Furthermore, in regard to the claim that it had constructive notice of a recurrent dangerous condition, NYCHA submitted evidence that no complaints about the condition of the stairwell had been received for one year prior to and including the morning of the plaintiff's accident.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the building's caretaker may not have inspected the area where the plaintiff fell before the accident because her morning inspection may have taken longer than usual is speculative and unavailing. The plaintiff additionally did not present any evidence that NYCHA was aware of a recurring dangerous condition in the specific area of the stairwell where she fell, only that NYCHA had a general awareness that there was frequently urine in that stairwell. "A general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall" (Gloria v MGM Emerald Enters., 298 AD2d 355, 356, quoting Piacquadio v Recine Realty Corp., 84 NY2d 967, 969; see Cruz v Rampersad, 110 AD3d at 670).
NYCHA's remaining contention is without merit.
Accordingly, with agree with the Supreme Court's grant of NYCHA's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court