Burrus v Douglaston Realty Mgt. Corp. (2019 NY Slip Op 06061)





Burrus v Douglaston Realty Mgt. Corp.


2019 NY Slip Op 06061


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-10077
 (Index No. 14032/15)

[*1]Scherris Burrus, respondent, 
v
Douglaston Realty Management Corp., et al., appellants.


Weiner, Millo, Morgan & Bonanno, LLC, New York, NY (Richard A. Walker of counsel), for appellants.
Steven Louros, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated June 25, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 2, 2014, the plaintiff, then a mail carrier employed by the United States Postal Service, slipped and fell while descending an interior set of stairs in a residential building that allegedly was owned and/or managed by the defendants. The plaintiff alleged that she slipped and fell due to a "wet and slippery substance" on the stairs. She commenced this personal injury action against the defendants. After joinder of issue and discovery, the defendants moved for summary judgment dismissing the complaint on the grounds that the plaintiff did not know what caused her to fall, that the defendants did not create any alleged wet or slippery condition on the stairs, and that they did not have notice of any alleged wet or slippery condition on the stairs. The Supreme Court denied the motion, and the defendants appeal.
Contrary to the defendants' contention, viewing the evidence in the light most favorable to the plaintiff as the nonmovant (see Bravo v Vargas, 113 AD3d 579, 582; Green v Quincy Amusements, Inc., 108 AD3d 591, 592; Stukas v Streiter, 83 AD3d 18, 22), the evidence relied upon by the defendants in support of their motion, which included a transcript of the plaintiff's deposition, failed to establish the defendants' prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff was unable to identify the cause of her fall without speculation (see Flanagan v Town of Huntington, 155 AD3d 1000, 1001; Pajovic v 94-06 34th Rd. Realty Co., LLC, 152 AD3d 781, 781; Chilinski v LMJ Contr., Inc., 137 AD3d 1185, 1188-1189; Drouillard v Smarr, 136 AD3d 973, 973-974; Severin v T Burger, LLC, 127 AD3d 726, 726; Martino v Patmar Props., Inc., 123 AD3d 890, 891). The plaintiff's deposition testimony identified the cause of her fall as a wet substance on the stairs. The plaintiff's mere inability to identify the precise nature of the wet substance upon which she allegedly slipped and fell cannot be equated with a failure to identify the cause of her fall (see Stancarone v Sullivan, 167 AD3d 676, 678; Kurtz v Supercuts, Inc., 127 AD3d 546; Gotay v New York City Hous. Auth., 127 AD3d 693, 694-695; Pol v Gjonbalaj, 125 AD3d 955, 955-956; Giuffrida v Metro N. Commuter R.R. Co., 279 AD2d 403, [*2]404).
Moreover, the evidence submitted in support of the defendants' motion, especially the deposition transcripts of the plaintiff and the superintendent of the subject building, revealed triable issues of fact as to whether the defendants created the alleged condition (see Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1249-1250; Ansari v MB Hamptons, LLC, 137 AD3d 1174, 1175). Furthermore, we agree with the Supreme Court's conclusion that the defendants failed to present evidence regarding any specific cleaning or inspection of the area in question relative to the time when the plaintiff's accident occurred (see Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Eksarko v Associated Supermarket, 155 AD3d 826, 828; Perez v Wendell Terrace Owners Corp., 150 AD3d 1162, 1163).
Since the defendants failed to meet their prima facie burden, we need not address the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court