Merchant v New York City Tr. Auth. (2020 NY Slip Op 02666)





Merchant v New York City Tr. Auth.


2020 NY Slip Op 02666


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-05164
 (Index No. 702528/16)

[*1]Zaheer Merchant, appellant, 
v
New York City Transit Authority, respondent.


H. Bruce Fischer Esq. P.C., Tappan, NY, for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered February 21, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On October 2, 2015, at approximately 5:15 p.m., the plaintiff allegedly slipped and fell on water while walking inside the 74th Street/Roosevelt Avenue subway station. It was undisputed that it had been raining all day. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Yarosh v Ocean & Holding Corp., 172 AD3d 1142, 1143). "A defendant has constructive notice of a dangerous condition when the dangerous condition is visible and apparent, and existed for a sufficient length of time before the accident that [it] could have been discovered and corrected" (Radosta v Schechter, 171 AD3d 1112, 1113). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, the defendant failed to meet its initial burden as the movant to affirmatively demonstrate that it did not have constructive notice of the condition that allegedly caused the plaintiff to fall, because the defendant did not proffer any evidence as to when the subject area was last cleaned or inspected (see Hickson v Walgreen Co., 150 AD3d 1087, 1087-1088; Rogers v Bloomingdale's, Inc., 117 AD3d 933, 934). Since the defendant failed to meet its initial burden as the movant, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see [*2]Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court