Ortiz v New York City Hous. Auth. (2024 NY Slip Op 02330)

Ortiz v New York City Hous. Auth.

2024 NY Slip Op 02330

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-04810
 (Index No. 500024/21)

[*1]Maria Ortiz, respondent, 
v
New York City Housing Authority, appellant.

Russo & Gold LLP (Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY [Patrick J. Lawless, Marcin J. Kurzatkowski, and Judy Selmeci], of counsel), for appellant.
Silbowitz Garafola Silbowitz & Schatz, LLP, Great Neck, NY (Howard Schatz and Kayla Bargeron of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 14, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on urine as she was descending a staircase located within the defendant's residential building. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, arguing that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. In an order dated April 14, 2023, the Supreme Court denied the motion. The defendant appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948). A defendant has constructive notice of a hazardous condition when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Meade v New York City Hous. Auth., 189 AD3d 1390, 1391). To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Kravets v New York City Hous. Auth., 134 AD3d 678, 679; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition. While the deposition testimony of the building's caretaker demonstrated that the caretaker inspected and cleaned the subject stairwell on a regular basis, the [*2]defendant failed to present evidence regarding specific cleaning or inspection of the stairwell in question relative to the time when the subject accident occurred (see Rodriguez v New York City Hous. Auth., 169 AD3d at 948; Quinones v Starret City, Inc., 163 AD3d 1020, 1022). "'Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question'" (Rodriguez v New York City Hous. Auth., 169 AD3d at 948, quoting Rong Wen Wu v Arniotes, 149 AD3d 786, 787).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court