■ THERESE PAYEN, Appellant, v WESTERN BEEF SUPERMARKET et al., Respondents, et al., Defendants. [964 NYS2d 583]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated December 8, 2011, which granted the motion of the defendants Western Beef Supermarket, Western Beef Retail, Inc., Western Beef Properties, Inc., and Serota Roosevelt, LLC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]; *see Lee v Port Chester Costco Wholesale*, 82 AD3d 842 [2011]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681 [2010]). Here, the defendants Western Beef Supermarket, Western Beef Retail, Inc., Western Beef Properties, Inc., and Serota Roosevelt, LLC (here-

inafter collectively the Western defendants), established their prima facie entitlement to judgment as a matter of law by demonstrating, through the deposition testimony and affidavit of the store manager, that they neither created nor had actual or constructive notice of the condition alleged by the injured plaintiff to have caused the accident (*see Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307, 1308 [2011]; *Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]; *Popovec v Great Atl. & Pac. Tea Co., Inc.*, 26 AD3d 321 [2006]). Those submissions established that the store manager and another employee walked through each aisle of the store every 15 to 20 minutes. According to the store manager, he did not see any liquid when he conducted a walk-through inspection of the subject area approximately 8 to 15 minutes prior to the accident. Further, he had not been notified of any liquid on the floor in the area in question prior to the accident. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the Western defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.