■ HILDEGARD PADUANO, Individually and as Administratrix of the Estate of JOHN JOSEPH PADUANO, Deceased, Appellant, v 686 FOREST AVENUE, LLC, et al., Respondents. (And a Third-Party Action.) [989 NYS2d 379]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated July 24, 2012, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff commenced this action alleging that her decedent was injured on a snowy January morning in 2009 when he slipped and fell on a wet surface in the vestibule of a building owned by the defendant 686 Forest Avenue, LLC (hereinafter the owner), in which the defendant Braisted and Braisted (hereinafter the tenant) was a tenant.

"In a slip-and-fall case, the defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 681 [2010]; *see Pinto v Metropolitan Opera*, 61 AD3d 949, 949-950 [2009]; *Flynn v Fedcap Rehabilitation Servs., Inc.*, 31 AD3d 602, 603 [2006]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]). Moreover, a property owner is not obligated to provide a constant remedy to the problem of water being tracked into a building during inclement weather (*see Miller v Gimbel Bros.*, 262 NY 107 [1933]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]), and has no obligation to cover all of its floors with mats or to continuously mop up all moisture resulting from tracked-in precipitation (*see Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]; *see also Zerilli v Western Beef Retail, Inc.*, 72 AD3d at 682; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747, 749 [2007]; *Dubensky v 2900 Westchester Co., LLC*, 27 AD3d 514 [2006]). A tenant ordinarily owes no duty of care with respect to a dangerous condition in a common area of a building (*see Kozak v Broadway Joe's*, 296 AD2d 683, 684 [2002]; *Morrison v Gerlitzky*, 282 AD2d 725, 725 [2001]).

The owner and the tenant, on their respective motions, established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against

each of them. In support of their motions, the owner and the tenant each presented evidence that it had not created the alleged defective condition. The owner also presented evidence that it had neither actual nor constructive notice of the alleged defective condition, i.e., the alleged presence of water on the vestibule floor of the subject building. In opposition to the defendants' prima facie showings, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.