■ Leyla Beceren, Respondent-Appellant, v Joan Realty, LLC, Appellant-Respondent. [2 NYS3d 155]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated March 26, 2014, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly was injured when she slipped and fell on water in a vestibule area in an apartment building in Brooklyn. At the time of the accident, the building allegedly was owned or maintained by the defendant. The plaintiff commenced this action to recover damages for personal injuries, and the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the defendant's motion and cross-moved for summary judgment on the issue of liability. The Supreme Court denied both the motion and the cross motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created a dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see *Payen v Western Beef Supermarket*, 106 AD3d 710 [2013]; *Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473 [2012]; *Halpern v Costco Warehouse/ Costco Wholesale*, 95 AD3d 828, 828 [2012]). While a "defendant [is] not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687, 687 [1998]; *see Paduano v 686 Forest Ave., LLC*, 119 AD3d 845 [2014]; *Sarandrea v St. Charles Sch.*, 118 AD3d 690 [2014]), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reason-

able time to undertake remedial action (*see Mentasi v Eckerd Drugs*, 61 AD3d 650, 651 [2009]; *Ruic v Roman Catholic Diocese of Rockville Ctr.*, 51 AD3d 1000, 1001 [2008]; *Williams v JP Morgan Chase & Co.*, 39 AD3d 852 [2007]).

In support of its motion for summary judgment, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create any dangerous condition in the vestibule area, or have actual or constructive notice of any such condition prior to the plaintiff's accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Fajardo v Schapiro*, 120 AD3d 468 [2014]; *Schubert-Fanning v Stop & Shop Supermarket Co., LLC*, 118 AD3d 862, 863-864 [2014]; *Sarandrea v St. Charles Sch.*, 118 AD3d at 691; *Sinclair v Chau*, 117 AD3d 713, 714 [2014]). In opposition to the defendant's prima facie showing, the plaintiff relied almost exclusively on the affidavit of an expert, which failed to raise a triable issue of fact. To the extent that the expert opined that the vestibule floor was inherently slippery due to its smoothness, that is not an actionable defect (*see Murphy v Conner*, 84 NY2d 969 [1994]; *German v Campbell Inn*, 37 AD3d 405 [2007]; *see e.g. Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516 [2005]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

In support of her cross motion for summary judgment on the issue of liability, the plaintiff failed to make a prima facie showing that the defendant created any dangerous condition in the vestibule area or had notice of such a condition. Accordingly, the Supreme Court properly denied the plaintiff's cross motion. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.