■ AINSLEY MURRAY, Respondent, v BANCO POPULAR et al., Appellants. [18 NYS3d 92]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Silber, J.), dated January 22, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell on a wet portion of the vestibule floor of the defendants' premises while it was raining outside. The plaintiff subsequently commenced this action against the defendants to recover damages for personal

injuries. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court denied the motion. We reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created a dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Beceren v Joan Realty, LLC, 124 AD3d 572 [2015]; Payen v Western Beef Supermarket, 106 AD3d 710 [2013]). While a "defendant [is] not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (Negron v St. Patrick's Nursing Home, 248 AD2d 687, 687 [1998]; see Paduano v 686 Forest Ave., LLC, 119 AD3d 845 [2014]; Sarandrea v St. Charles Sch., 118 AD3d 690, 691 [2014]; Dubensky v 2900 Westchester Co., LLC, 27 AD3d 514 [2006]), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Mentasi v Eckerd Drugs, 61 AD3d 650, 651 [2009]; Ruic v Roman Catholic Diocese of Rockville Ctr., 51 AD3d 1000, 1001 [2008]; Williams v JP Morgan Chase & Co., 39 AD3d 852 [2007]).

Here, in support of their motion, the defendants submitted evidence sufficient to demonstrate, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Paduano v 686 Forest Ave., LLC, 119 AD3d 845 [2014]; Zerilli v Western Beef Retail, Inc., 72 AD3d 681 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. "A general awareness that water might be tracked into a building when it rains is insufficient to impute to the defendants constructive notice of the particular dangerous condition" (Musante v Department of Educ. of City of N.Y., 97 AD3d 731, 731 [2012]; see Yearwood v Cushman & Wakefield, 294 AD2d 568, 569 [2002]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.