■ STACEY BLAZEJEWSKI, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [40 NYS3d 791]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated January 20, 2015, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that, on or about July 24, 2008, she was injured when she slipped and fell on water on the vestibule floor of a building owned by the defendant. Thereafter, the

plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court granted the motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d 724, 725 [2015]; *Jordan v Juncalito Abajo Meat Corp.*, 131 AD3d 1012 [2015]; *Beceren v Joan Realty, LLC*, 124 AD3d 572 [2015]; *Payen v Western Beef Supermarket*, 106 AD3d 710 [2013]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged hazardous condition in the vestibule or have actual or constructive notice of it (*see Paduano v 686 Forest Ave., LLC*, 119 AD3d 845, 845-846 [2014]; *Valentin v Shoprite of Chester*, 105 AD3d 1036, 1037 [2013]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.