Yarosh v Oceana Holding Corp. (2019 NY Slip Op 03842)





Yarosh v Oceana Holding Corp.


2019 NY Slip Op 03842


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2018-03913
 (Index No. 3791/15)

[*1]Raisa Yarosh, respondent, 
v
Oceana Holding Corp., et al., appellants.


Correia, King, Fodera, McGinnis & Liferiedge (Mauro Lilling Naparty LLP, Woodbury, NY [Anthony F. DeStefano and Catherine R. Everett], of counsel), for appellants.
William Pager, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated January 31, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On February 21, 2015, at about 7:00 p.m., the plaintiff allegedly slipped and fell on snow on the marble tile floor of the vestibule of the defendants' supermarket in Brooklyn. The plaintiff commenced this personal injury action against the defendants. Subsequently, the defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of the condition. The Supreme Court denied the motion, and the defendants appeal.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Blazejewski v New York City Dept. of Educ., 144 AD3d 851, 852; Murray v Banco Popular, 132 AD3d 743, 744; Beceren v Joan Realty, LLC, 124 AD3d 572). While a defendant is not required to cover all of its floors with mats, or to continuously mop up all moisture resulting from tracked-in precipitation (see Paduano v 686 Forest Ave., LLC, 119 AD3d 845; Curtis v Dayton Beach Park No. 1 Corp., 23 AD3d 511, 512; Negron v St. Patrick's Nursing Home, 248 AD2d 687), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Mentasi v Eckerd Drugs, 61 AD3d 650, 651; Ruic v Roman Catholic Diocese of Rockville Ctr., 51 AD3d 1000, 1001).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged hazardous condition in the vestibule or [*2]have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Blazejewski v New York City Dept. of Educ., 144 AD3d at 852; Murray v Banco Popular, 132 AD3d at 744; Beceren v Joan Realty, LLC, 124 AD3d at 573; Paduano v 686 Forest Ave., LLC, 119 AD3d at 845-846). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court