Peralta-Mejia v Park Terrace Owners, LLC (2021 NY Slip Op 06714)





Peralta-Mejia v Park Terrace Owners, LLC


2021 NY Slip Op 06714


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-11639
 (Index No. 8982/16)

[*1]Pedro Peralta-Mejia, appellant, 
v
Park Terrace Owners, LLC, et al., respondents.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Margaret G. Klein & Associates (Barclay Damon LLP, Albany, NY [Colm P. Ryan and Steven E. Mach], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore Modica, J.), dated June 18, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who lived in an apartment building owned and managed by the defendants, allegedly sustained personal injuries when he slipped and fell on water on the floor of the lobby of that building. The plaintiff commenced this action to recover damages for personal injuries against the defendants. Subsequently, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Blazejewski v New York City Dept. of Educ., 144 AD3d 851, 852; Murray v Banco Popular, 132 AD3d 743, 744; Beceren v Joan Realty, LLC, 124 AD3d 572). While a defendant is not required to cover all of its floors with mats, or to continuously mop up all moisture resulting from tracked-in precipitation (see Paduano v 686 Forest Ave., LLC, 119 AD3d 845; Curtis v Dayton Beach Park No. 1 Corp., 23 AD3d 511, 512; Negron v St. Patrick's Nursing Home, 248 AD2d 687), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Mentasi v Eckerd Drugs, 61 AD3d 650, 651; Ruic v Roman Catholic Diocese of Rockville Ctr., 51 AD3d 1000, 1001).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Yarosh v Oceana Holding Corp., 172 AD3d 1142, 1143; Blazejewski v New York City Dept. of Educ., 144 AD3d at 852; Beceren v Joan Realty, LLC, 124 [*2]AD3d at 573; Rui-Jiao Liu v City of White Plains, 95 AD3d 1192, 1193). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court