Monaco v Russillo (2021 NY Slip Op 07542)





Monaco v Russillo


2021 NY Slip Op 07542


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-06822
 (Index No. 609569/15)

[*1]Robert Monaco III, appellant, 
v
Frank Russillo, defendant, Enid Russillo, respondent.


Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg of counsel), for appellant.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Pitroski of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 23, 2018. The order, insofar as appealed from, granted the motion of the defendant Enid Russillo for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the morning of January 29, 2014, the plaintiff, a Nassau County police officer, allegedly was injured when he slipped and fell on a wet single-step riser located at premises owned by the defendant Enid Russillo (hereinafter the defendant). The plaintiff was at the defendant's home in connection with an emergency call involving the defendant's mother, who had been found unresponsive and not breathing. The plaintiff subsequently commenced this personal injury action against, among others, the defendant, alleging common-law negligence and a violation of General Municipal Law § 205-e. The defendant moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated February 23, 2018, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Yarosh v Oceana Holding Corp., 172 AD3d 1142, 1143; Blazejewski v New York City Dept. of Educ., 144 AD3d 851, 852). Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that she did not create the allegedly hazardous condition on the step, or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it, particularly given the ongoing emergency involving her mother (see Yarosh v Oceana Holding Corp., 172 AD3d at 1143; Valentin v Shoprite of Chester, 105 AD3d 1036, 1037). In opposition, the plaintiff failed to raise a triable issue of fact (see Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335).
To establish a cause of action under General Municipal Law § 205-e, a police officer plaintiff must (1) identify the statute or ordinance with which the defendant allegedly failed to comply, (2) describe the manner in which the police officer was injured, and (3) set forth facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm (see [*2]Williams v City of New York, 2 NY3d 352, 363). "Liability pursuant [to] General Municipal Law § 205-e will exist where there is negligent noncompliance with any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, provided that the statute, ordinance, rule, order or requirement cited is found in a well-developed bod[y] of law and regulation that impose[s] clear duties" (Mulham v City of New York, 110 AD3d 856, 857 [citation and internal quotation marks omitted]).
Although recovery under General Municipal Law § 205-e does not require proof of such notice as would be necessary to a common-law negligence cause of action, i.e., actual or constructive notice of the particular defect on the premises causing injury, the plaintiff still must establish that the circumstances surrounding the violation indicate that it was a result of neglect, omission, or willful or culpable negligence on the defendant's part (see Alexander v City of New York, 82 AD3d 1022, 1024).
Here, the defendant established, prima facie, that "the requisite culpability for the [alleged] violation[s] [was] lacking" (Lustenring v 98-100 Realty, 1 AD3d 574, 578 [internal quotation marks omitted]). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court