Kmitis v Macy's, Inc. (2022 NY Slip Op 04796)

Kmitis v Macy's, Inc.

2022 NY Slip Op 04796

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-01683
 (Index No. 2816/16)

[*1]Geraldine Kmitis, appellant, 
v
Macy's, Inc., et al., respondents, et al., defendants.

Santucci & Calderoni, PLLC, Bronx, NY (Fred T. Santucci, Jr., of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered February 16, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants Macy's, Inc., and Macy's Corporate Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 30, 2015, the plaintiff allegedly was injured when she slipped and fell on a tomato on the floor of a department store owned and operated by the defendants Macy's, Inc., and Macy's Corporate Services, Inc. (hereinafter together the defendants). In April 2016, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants. Thereafter, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered February 16, 2021, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
In a premises liability case, a defendant "has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence'" (Colon v New York City Tr. Auth., 201 AD3d 867, 868, quoting Blair v Loduca, 164 AD3d 637, 638-639). "'A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it'" (Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 958, quoting Fortune v Western Beef, Inc., 178 AD3d 671, 672; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the alleged hazardous condition, or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Yarosh v Oceana Holding Corp., 172 AD3d 1142, 1143; Blazejewski v New York City Dept. of Educ., 144 AD3d 851, 852). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court