Bianchini v Genting N.Y., LLC (2022 NY Slip Op 04891)

Bianchini v Genting N.Y., LLC

2022 NY Slip Op 04891

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-04805
 (Index No. 151819/18)

[*1]Linda Bianchini, respondent,
v
Genting New York, LLC, etc., appellant.

Marshall Dennehey Warner Coleman & Goggin, P.C., New York, NY (Adam C. Calvert of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated February 28, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On October 22, 2017, the plaintiff allegedly was injured when she slipped and fell in a restroom in the Resorts World Casino (hereinafter the casino) in Queens. The plaintiff commenced this action to recover damages for personal injuries against the defendant, which owns and operates the casino. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendant appeals.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (see Monaco v Russillo, 200 AD3d 1035; Colon v New York Mercantile Exch., Inc., 172 AD3d 811, 812). Here, in support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of the plaintiff and of an employee of the defendant. The plaintiff testified that she slipped on something slimy and soapy on the floor of the restroom. The defendant's employee testified that she had recently mopped that floor with a diluted cleaning solution. Thus, the defendant failed to establish, prima facie, that it did not create the alleged hazardous condition (see Colon v New York Mercantile Exch., Inc., 172 AD3d at 812). Since the defendant did not establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court