■ GEORGE RADNAY, M.D., et al., Appellants-Respondents, v 1036 PARK CORPORATION et al., Respondents-Appellants, and S. KRAUS, INC., Doing Business as SKYLINE WINDOWS, Respondent, et al., Defendant. (And a Third-Party Action.) [793 NYS2d 344]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 27, 2004, insofar as it denied plaintiffs' motion for partial summary judgment based on res ipsa loquitur, denied the summary judgment motion of defendants 1036 Park Corporation and Charles H. Greenthal Management Corp., and granted the motion of defendant S. Kraus, Inc, doing business as Skyline Windows, for summary judgment dismissing the cross claims and third-party complaint against it, unanimously affirmed, without costs.

The accident occurred as a result of a defective window in plaintiff doctor's office, where he or someone else was in a position to cause the defect. The theory of res ipsa loquitur is thus inapplicable because the window and its mechanism were not within the exclusive control of defendants (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-228 [1986]).

Plaintiffs fail to make out a prima facie case of negligence because of their inability to show that Skyline breached a duty to them (*Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]). Any negligence involved in Skyline's installing the windows was not a substantial factor in bringing about Dr. Radnay's injuries (*see Ohdan v City of New York*, 268 AD2d 86, 89 [2000], *appeal dismissed* 95 NY2d 885 [2000], *lv denied* 95 NY2d 769 [2000]). As the court found, the springs in the window had been replaced prior to the accident, so any possible negligence on Skyline's part in installing the windows could not have been the proximate cause of the accident. With respect to his argument to the contrary, we note that the injured plaintiff himself testified that six years prior to the incident, the building handyman had come to check on the window in question, and had to finish the job later because he was out of springs. The only reasonable inference to be drawn is that the handyman did later return with new springs to replace the old ones. This is corroborated by the testimony of the building manager that he kept replacement springs in his shop and reordered them when the supply was low. Plaintiffs have no direct evidence that anyone from Skyline ever came to replace a spring on any window in the office. They have thus failed to raise a triable issue of fact in this regard.

Nor do we find persuasive the claim of 1036 Park Corporation and Greenthal Management Corp. that the court erred in denying them summary judgment for lack of actual or constructive notice of the alleged defect in this particular window. The

handyman's testimony that the doctor's wife told him in the office, a month before the accident, that the "windows were sliding down" is sufficient to raise a question of fact whether these defendants had at least constructive notice of a malfunction in the top part of the double-hung window, if not actual notice (*see Negri v Stop & Shop*, 65 NY2d 625 [1985]). Moreover, the testimony of Malloy, the building manager, and Weber, the handyman, indicated that 1036 Park Corporation and Greenthal Management Corp. knew other windows in the building had defective springs. Plaintiffs thus demonstrated a triable issue of fact regarding constructive notice based on a similar hazardous condition known to have existed prior to the accident elsewhere in the building (*see Armstrong v Ogden Allied Facility Mgt. Corp.*, 281 AD2d 317, 318 [2001]). Even though the cooperative's proprietary lease required plaintiffs to repair the windows in their unit, the record reveals that employees of 1036 Park Corporation and Greenthal Management Corp. assumed that obligation at some point, thus raising a factual issue of who controlled and maintained the window in question (*Scudero v Campbell*, 288 NY 328 [1942]). Concur—Buckley, P.J., Tom, Andrias, Friedman and Sullivan, JJ.