VICTOR MAUGE, Appellant, v BARROW STREET ALE HOUSE et al., Respondents, et al., Defendant. [895 NYS2d 499]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief and by a letter dated December 28, 2009, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered January 16, 2009, as granted the motion of the defendants Barrow Street Ale House and Barrow Street Café, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell down a stairwell in a bar/restaurant, as a result of grease which had accumulated on the second step.

In a slip-and-fall action, to impose liability upon a defendant, there must be evidence that the defendant created the condition or had actual or constructive notice of it (*see Hayden v Waldbaum, Inc.*, 63 AD3d 679 [2009]). On a motion by a defendant for summary judgment, only after the defendant has satisfied the threshold burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of the hazardous condition, will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]).

Where the defendant has actual knowledge of a recurrent

dangerous condition, he or she may be charged with constructive notice of each specific recurrence of it (*see Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]; *Erikson v J.I.B. Realty Corp.*, 12 AD3d 344 [2004]; *Chin v Harp Mktg.*, 232 AD2d 601 [1996]). A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed (*see McLaughlan v Waldbaums, Inc.*, 237 AD2d 335 [1997]). However, a "general awareness" of a condition is insufficient to constitute notice of the particular condition that caused the fall (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994] [internal quotation marks omitted]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]; *Gloria v MGM Emerald Enters.*, 298 AD2d 355 [2002]).

Here, the Supreme Court correctly determined that the defendants Barrow Street Ale House and Barrow Street Café, Inc. (hereinafter together the defendants), demonstrated their prima facie entitlement to judgment as matter of law. The defendants submitted deposition testimony of their owner, who is in charge of the daily operation of the bar/restaurant, that employees known as runners mopped the stairwell twice a day with a solution including a degreaser and that the runners also were responsible for constantly monitoring the stairwell for debris and spills throughout their entire shift. In addition, the owner and the wait staff also would monitor the stairwell for debris and spills and the defendants had received no prior complaints about grease on the steps and there were no prior slips and falls in the stairwell.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants created the dangerous condition or had actual or constructive notice of it (*see Hayden v Waldbaum, Inc.*, 63 AD3d 679 [2009]). The accumulation of grease in this case falls into the category of a condition of which the defendants had a general awareness since the subject premises was a bar/restaurant. Since there was no evidence that there had been prior complaints regarding a dangerous condition in the area of the accident and the defendants established that the area in question was sufficiently inspected, this was not a recurrent condition which can be construed as notice of the particular condition which caused the plaintiff to fall (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.