Plaintiffs complaints of the collapse of her bathroom ceiling *638 and portions of her living room ceiling one year and again three months before the collapse of the living room ceiling in which she allegedly was injured present an issue of fact whether defendants were on constructive notice of a defect in plaintiffs living room ceiling (see Radnay v 1036 Park Corp., 17 AD3d 106, 107-108 [1st Dept 2005]). To the extent the record is ambiguous as to the cause of the ceiling collapse, issues of fact exist as to the issue of defendants’ duty to inspect plaintiff’s apartment’s ceilings and the applicability of the doctrine of res ipsa loquitur (see Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500 [1st Dept 2007]; Mejia v New York City Tr. Auth., 291 AD2d 225, 221 [1st Dept 2002]).
Since defendants did not disclose the existence of documents previously ordered produced or the identity of a witness with knowledge until their deposition just before the note of issue was filed, plaintiff’s last-minute renewed demand for this discovery was justified. Thus, plaintiff may conduct further discovery in connection with her May 14, 2010 notice of inspection. Concur — Mazzarelli, J.E, Sweeny, Ren wick, Richter and Román, JJ.