■ MAILA HERMINA et al., Appellants, v 2050 VALENTINE AVENUE LLC et al., Respondents. [992 NYS2d 424]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered July 1, 2013, which, in this action for personal injuries sustained when the window in plaintiff Malia Hermina's apartment suddenly fell while her hands were on the window sill, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Triable issues of fact exist as to whether defendants, the owners and managers of the building, had constructive notice of the defective condition of the window. Defendants were aware of problems with the building's windows staying in an upright position, based on the replacement of balances on a number of plaintiff's own windows, including the subject window, and on many of those elsewhere in the building prior to the accident (*see Radnay v 1036 Park Corp.*, 17 AD3d 106, 107-108 [1st Dept 2005]; *see also Lisbey v Pel Park Realty*, 99 AD3d 637 [1st Dept 2012]).

Defendants' argument that there was no requirement to periodically inspect the window balances in the apartment, is unconvincing. Once defendants knew that an appreciable number of the windows in the building required attention, they had an obligation to inspect all of them (*see Candela v New York City Sch. Constr. Auth.*, 97 AD3d 507, 511 [1st Dept 2012]). Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.