■ CANDICE N. GURLEY, Appellant, v ROCHDALE VILLAGE, INC., Respondent. [25 NYS3d 894]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated March 24, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she slipped and fell in the lobby of a cooperative apartment building owned by the defendant. She alleged that she slipped on water that had leaked from the ceiling of the lobby. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demon-

strating that it neither created nor had actual or constructive notice of the water in the lobby (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *Farren v Board of Educ. of City of N.Y.*, 119 AD3d 518, 519 [2014]; *Armijos v Vrettos Realty Corp.*, 106 AD3d 847, 847-848 [2013]; *Perez v New York City Hous. Auth.*, 75 AD3d 629, 630 [2010]; *Mauge v Barrow St. Ale House*, 70 AD3d 1016, 1017 [2010]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]).

In opposition, the plaintiff failed to raise a triable issue of fact. A general awareness of a recurring problem is insufficient, without more, to establish constructive notice of the particular condition that caused the accident (*see Schubert-Fanning v Stop & Shop Supermarket Co., LLC*, 118 AD3d 862, 863 [2014]; *Mauge v Barrow St. Ale House*, 70 AD3d at 1017; *Panetta v Phoenix Beverages, Inc.*, 29 AD3d 659, 660 [2006]; *cf. McLaughlan v Waldbaums, Inc.*, 237 AD2d 335, 335 [1997]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.