■ Momcilo Pajovic et al., Appellants, v 94-06 34th Road Realty Co., LLC, Respondent. [59 NYS3d 138]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Livote, J.), entered August 10, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Momcilo Pajovic (hereinafter the injured plaintiff) allegedly was injured when he fell down an interior staircase in an apartment building owned by the defendant. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, failing to provide adequate lighting for the subject staircase. The defendant thereafter moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

The defendant failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the plaintiffs could not identify the cause of the injured plaintiff's fall. "[T]hat a defective or dangerous condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred from the facts and

circumstances underlying the injury" (*Buglione v Spagnoletti*, 123 AD3d 867, 867 [2014]; *see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]). Here, the defendant failed to eliminate triable issues of fact as to whether the alleged inadequate lighting condition for the subject staircase was a proximate cause of the injured plaintiff's fall (*see Lopez-Serrano v Ochoa*, 149 AD3d 1063 [2017]; *Pol v Gjonbalaj*, 125 AD3d 955, 956 [2015]). Such a finding, given the eyewitness account of the circumstances surrounding the fall and the injured plaintiff's own statement just before the fall, warning his companions to "watch out, it is dark, you cannot see," would be based on logical inferences, not speculation (*see Buglione v Spagnoletti*, 123 AD3d 867 [2014]).

Since the defendant failed to meet its initial burden, the Supreme Court should have denied its motion without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.