Rivera v Waterview Towers, Inc. (2020 NY Slip Op 01946)





Rivera v Waterview Towers, Inc.


2020 NY Slip Op 01946


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-08448
 (Index No. 17297/13)

[*1]Wilfred Rivera, respondent, 
v
Waterview Towers, Inc., defendant third-party plaintiff-appellant; Security & Industries, Inc., etc., third-party defendant.


Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Kathryn Beer], of counsel), for defendant third-party plaintiff-appellant.
Scott L. Sherman & Associates, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Teresa Ciccotto, J.), dated July 11, 2017. The order denied the defendant third-party plaintiff's motion for summary judgment dismissing the complaint and a third-party counterclaim.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he slipped and fell in the stairwell of a residential building owned by the defendant third-party plaintiff, Waterview Towers, Inc. (hereinafter the defendant), where he worked as a security guard, as a result of a wet condition on the stairwell between the sixteenth floor and the roof. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that the defendant had notice of the allegedly dangerous condition and that the defendant failed to remedy a recurrent condition of liquid accumulating in the stairwell due to a leaky ceiling directly above the fall site. The defendant moved for summary judgment dismissing the complaint and a third-party counterclaim, arguing that it neither created nor had notice of the allegedly dangerous condition, and that the plaintiff was unable to identify the cause of his fall without resorting to speculation. The Supreme Court denied the motion. The defendant appeals.
A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing that it neither created the hazardous condition that allegedly caused the fall, nor had actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Steele v Samaritan Found., Inc., 176 AD3d 998; Burke v Umbaca, 163 AD3d 618, 618; Ash v City of New York, 109 AD3d 854, 855). "Where the defendant has actual knowledge of a recurrent dangerous condition, [it] may be charged with constructive notice of each specific recurrence of it" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1016-1017). "A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing [*2]and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (id. at 1017).
Moreover, "a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Ash v City of New York, 109 AD3d at 855; see C.M. v Gasiorowski, 173 AD3d 1156, 1157). However, even in the absence of direct evidence of causation, that the existence of a defective or dangerous condition was the proximate cause of an accident may be logically inferred based on facts and circumstantial evidence (see Pajovic v 94-06 34th Rd. Realty Co., LLC, 152 AD3d 781, 781-782).
Here, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law. The defendant's submissions, which included a transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues of fact as to whether the defendant had constructive notice of a recurrent dangerous condition, since the plaintiff testified that he had submitted written reports and verbal complaints to the defendant about the condition of the stairwell prior to his accident (see Milano v Staten Is. Univ. Hosp., 73 AD3d 1141, 1141-1142; see also Santiago v JP Morgan Chase & Co., 96 AD3d 642, 644; cf. Sampaiolopes v Lopes, 172 AD3d 1128, 1130; McGee v New York City Hous. Auth., 122 AD3d 695, 696). In addition, the plaintiff testified that, after he slipped, he could feel that half of the landing, where he fell, was wet and noticed footprints matching his in water on the steps he slipped on, and that he knew rainwater got onto the landing by leaking through the ceiling. Contrary to the defendant's contention, this testimony does not establish that the cause of the plaintiff's fall cannot be identified without resorting to speculation (see Steele v Samaritan Found., Inc., 176 AD3d at 998; Pajovic v 94-06 34th Rd. Realty Co., LLC, 152 AD3d at 782).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and the third-party counterclaim, we need not consider the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint and the third-party counterclaim.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court