Butnik v Luna Park Hous. Corp. (2021 NY Slip Op 07314)





Butnik v Luna Park Hous. Corp.


2021 NY Slip Op 07314


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-04630
 (Index No. 502337/14)

[*1]Suellen Butnik, et al., appellants
v
Luna Park Housing Corp., respondent, et al., defendant (and third-party actions).


Zaremba Brown PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Babchik & Young, LLP, White Plains, NY (Carol G. Morokoff and Jordan Sklar of counsel), for respondent.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (I. Elie Herman of counsel), for defendant Technical Construction Services, Inc.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for third-party/second third-party defendant Toron Restoration Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Edgar G. Walker, J.), entered February 20, 2018. The judgment, insofar as appealed from, upon an order of the same court dated November 17, 2017, inter alia, granting that branch of the motion of the defendant Luna Park Housing Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiffs dismissing the complaint insofar as asserted against it.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Luna Park Housing Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is denied, the complaint is reinstated insofar as asserted against that defendant, and the order is modified accordingly.
On June 27, 2013, the plaintiff Suellen Butnik (hereinafter the injured plaintiff) allegedly was injured while attempting to open a window in her apartment. The window had a crack in the glass pane, which shattered, and fell onto the injured plaintiff's hand. The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries against Luna Park Housing Corp. (hereinafter Luna), the owner of the building, and another entity. Thereafter, Luna moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated November 17, 2017, the Supreme Court, among other things, granted that branch of Luna's motion. In a judgment entered February 20, 2018, the court, inter alia, dismissed the complaint insofar as asserted against Luna. The plaintiffs appeal.
"In moving for summary judgment, a defendant property owner has the initial burden of making a prima facie showing that it neither created an allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Lipani v Hiawatha Elementary Sch., 153 [*2]AD3d 1247, 1249). "[A] property owner who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition" (Darbinyan v 1806 Ocean Realty, LLC, 185 AD3d 1003, 1003 [internal quotation marks omitted]).
Here, Luna failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Luna's submissions, which included a transcript of the deposition testimony of its building superintendent, failed to eliminate all triable issues of fact as to whether it had constructive notice of a recurrent dangerous condition. The superintendent testified that in the period of approximately two years preceding the accident, Luna was made aware of 33 instances in which a window in the building needed to be repaired (see Rivera v Waterview Towers, Inc., 181 AD3d 844, 846; Radnay v 1036 Park Corp., 17 AD3d 106, 107-108). Moreover, the superintendent testified that it was "normal" for windows in the building to break. While "[a] general awareness of a recurring problem is insufficient, without more, to establish constructive notice of the particular condition that caused the accident" (Gurley v Rochdale Vil., Inc., 137 AD3d 749, 750), the superintendent's testimony regarding the frequency of specific complaints of window damage in the building raised triable issues of fact as to whether Luna had an obligation to inspect the windows (see Hermina v 2050 Valentine Ave. LLC, 120 AD3d 1131, 1132; Rodriguez v Amigo, 244 AD2d 323, 325 see also Candela v New York City Sch. Constr. Auth., 97 AD3d 507, 511). Since Luna failed to meet its prima facie burden, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court