Wijesinghe v Buena Vida Corp. (2022 NY Slip Op 06283)

Wijesinghe v Buena Vida Corp.

2022 NY Slip Op 06283

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2019-10494
 (Index No. 15824/14)

[*1]Victor Wijesinghe, et al., respondents, 
v
Buena Vida Corp., etc., appellant, et al., defendants.

Goldberg Segalla LLP, Buffalo, NY (Meghan M. Brown of counsel), for appellant.
Kuharski, Levitz & Giovinazzo, Staten Island, NY (Lonny Levitz of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant Buena Vida Corp. appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 29, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On January 10, 2014, the plaintiff Victor Wijesinghe (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on coffee that had dripped from an urn and accumulated on the floor in premises owned by the defendant Buena Vida Corp. (hereinafter Buena Vida). In November 2014, the injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Buena Vida, inter alia, to recover damages for personal injuries. Buena Vida moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that it did not create or have actual or constructive notice of the allegedly dangerous condition that caused the injured plaintiff's accident. The Supreme Court denied the motion, determining, inter alia, that Buena Vida established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of it, but in opposition, the plaintiffs raised a triable issue of fact on the issue of constructive notice. Buena Vida appeals.
"'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence'" (Griffin v PMV Realty, LLC, 181 AD3d 912, 912-913, quoting Steele v Samaritan Found., Inc., 176 AD3d 998, 999). A party who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific recurrence of that condition (see Pagan v New York City Hous. Auth., 172 AD3d 888, 889). "A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017).
Here, Buena Vida failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Buena Vida's submissions, which included a transcript of the injured plaintiff's deposition testimony, failed to eliminate all triable issues of fact as to whether it had constructive notice of a recurrent dangerous condition (see Butnik v Luna Park Hous. Corp., 200 AD3d 1013; Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641). The injured plaintiff testified that he made numerous complaints regarding the leaking urn and no actions to eliminate the condition were taken.
Buena Vida's remaining contention is without merit.
Accordingly, Buena Vida's motion for summary judgment dismissing the complaint insofar as asserted against it was properly denied regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court