Lukovenko v Annonio (2022 NY Slip Op 07442)

Lukovenko v Annonio

2022 NY Slip Op 07442

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-13468
 (Index No. 612022/17)

[*1]Emilia Lukovenko, appellant, 
v
James Annonio, et al., respondents, et al., defendant.

Zimmerman Law, P.C., Huntington Station, NY (David S. Dender of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Mineola, NY (Donyelle N. Eller and Joseph Aufenanger of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated October 25, 2019. The order, insofar as appealed from, denied the plaintiff's cross motion for summary judgment on the issue of liability against the defendants James Annonio and Linda Annonio.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she stepped on a rock on a sidewalk abutting premises owned by the defendants Linda and James Annonio (hereinafter together the defendants), and fell. The plaintiff thereafter commenced this personal injury action against the defendants, among others. After completion of discovery, and in response to a motion by the defendants, the plaintiff cross-moved for summary judgment on the issue of liability against them. By order dated October 25, 2019, the Supreme Court, among other things, denied the plaintiff's cross motion. The plaintiff appeals.
"An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Kearns v Cedar Cove Dev. Corp., 208 AD3d 466, 467). Here, the plaintiff's only arguments on appeal concern the defendants' alleged creation of a dangerous condition and special use of the sidewalk.
Contrary to the plaintiff's contention, she failed to demonstrate, prima facie, that the defendants created the alleged dangerous condition (see Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518). While the evidence established that the defendants placed "river rocks" on the driveway on their property, there was no evidence submitted as to how the rock on which the plaintiff fell came to be on the sidewalk. In other words, the plaintiff did not offer any evidence showing that the defendants created the alleged dangerous condition of a rock on the sidewalk. Contrary to the plaintiff's suggestion, any actual knowledge on the part of the defendants of an [*2]alleged recurrent dangerous condition of rocks on the sidewalk would go to the issue of notice, not creation, of the condition (see e.g. Mauge v Barrow St. Ale House, 70 AD3d 1016, 1016-1017). To the extent that the plaintiff attempted to demonstrate, as a matter of law, that the defendants possessed constructive notice of the alleged dangerous condition, she failed to meet her prima facie burden. In light of the defendants' deposition testimony that they occasionally saw rocks displaced from their driveway on the sidewalk and would immediately replace them on the driveway, the plaintiff failed to eliminate triable issues of fact as to whether the defendants had actual knowledge "that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 641; see Mauge v Barrow St. Ale House, 70 AD3d at 1017).
Finally, since there was no evidence submitted as to how the rock came to be on the sidewalk, the plaintiff failed to demonstrate, as a matter of law, that this alleged dangerous condition was caused or contributed to by the defendants' alleged special use of that area of the sidewalk as a driveway (see generally Rodriguez v City of Yonkers, 106 AD3d 802, 804).
Accordingly, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability against the defendants.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court