Sassone v 22 Main St., LLC (2025 NY Slip Op 03596)

Sassone v 22 Main St., LLC

2025 NY Slip Op 03596

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-00087 
2023-01420
 (Index No. 33173/19)

[*1]Thomas Sassone, appellant, 
v
22 Main Street, LLC, respondent, et al., defendant.

Lynch, Lynch, Held & Rosenberg, P.C., New City, NY (Joseph M. Cerra of counsel), for appellant.
Barry McTiernan & Moore, LLC, New York, NY (David H. Schultz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 21, 2022, and (2) an order of the same court (Thomas P. Zugibe, J.) dated December 22, 2022. The order dated June 21, 2022, insofar as appealed from, granted that branch of the motion of the defendant 22 Main Street, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated December 22, 2022, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated June 21, 2022, granting that branch of the motion of the defendant 22 Main Street, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated June 21, 2022, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant 22 Main Street, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and so much of the order dated December 22, 2022, as, upon reargument, adhered to the prior determination in the order dated June 21, 2022, granting that branch of the motion of the defendant 22 Main Street, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is vacated; and it is further,
ORDERED that the appeal from the order dated December 22, 2022, is dismissed as academic, in light of our determination on the appeal from the order dated June 21, 2022; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On March 7, 2019, at approximately 8:00 p.m., the plaintiff allegedly was injured when he slipped and fell on black ice in an exterior parking lot of premises owned by the defendant 22 Main Street, LLC (hereinafter 22 Main). The plaintiff commenced this action to recover damages for personal injuries against 22 Main and the defendant Mapleshade Landscaping (hereinafter Mapleshade), a company 22 Main had contracted with to perform snow removal services.
22 Main moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it neither created nor had actual or constructive notice of the black ice condition that allegedly caused the plaintiff to fall and that there was no recurring issue with the building's drainage system that resulted in ice accumulating in the location of the plaintiff's accident. In an order dated June 21, 2022, the Supreme Court, among other things, granted that branch of 22 Main's motion. Thereafter, the plaintiff moved for leave to reargue his opposition to that branch of 22 Main's motion. In an order dated December 22, 2022, the court, inter alia, upon reargument, adhered to its prior determination in the order dated June 21, 2022, granting that branch of 22 Main's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"A defendant moving for summary judgment in a slip-and-fall case has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Carmenati v Sea Park E., L.P., 229 AD3d 757, 758 [internal quotation marks omitted]; see Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003, 1004). "Where the defendant has actual knowledge of a recurrent dangerous condition, [it] may be charged with constructive notice of each specific recurrence of it" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1016-1017). "A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (Rivera v Waterview Towers, Inc., 181 AD3d 844, 845 [internal quotation marks omitted]).
Here, 22 Main failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. 22 Main's submissions, which included a transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues of fact as to whether it had constructive notice of a recurrent dangerous condition (see Wijesinghe v Buena Vida Corp., 210 AD3d 823, 824; Rivera v Waterview Towers, Inc., 181 AD3d at 845). The plaintiff testified that he had mentioned to a manager of 22 Main that rain and snow accumulated in the parking lot due to water draining from the roof and due to snow being plowed, and the manager said he would "take a look at it."
Moreover, although plaintiffs alleging personal injuries involving black ice face particular challenges, since if the slippery condition is not readily visible and apparent, demonstrating a property owner's actual or constructive notice of the dangerous condition may be difficult or impossible, depending on the circumstances, these unique issues do not change the burden of proof which a property owner must meet in order to establish prima facie entitlement to judgment as a matter of law (see Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1004). To meet its burden on the issue of lack of constructive notice, a defendant is required to "offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff slipped and fell" (Carmenati v Sea Park E., L.P., 229 AD3d at 758; see Coelho v S & A Neocronon, Inc., 178 AD3d 662, 663).
Here, 22 Main failed to submit sufficient evidence establishing, prima facie, that it did not have constructive notice of the alleged black ice condition. The deposition testimony of Mapleshade's owner, submitted in support of the motion, established that Mapleshade's owner plowed the parking lot on March 4, 2019, and that it would have been his practice to return to the premises the next day. However, he did not provide any evidence as to what the parking lot looked like after he plowed on March 4, 2019, or what, if any, cleaning or inspection procedures were performed between March 4, 2019, and the time of the plaintiff's accident on March 7, 2019, other than testifying as to Mapleshade's general procedures (see Muzio v Levittown Union Free Sch. Dist., 172 AD3d 1212, 1213; Jeremias v Lake Forest Estates, 147 AD3d 742, 743). Nor did the plaintiff's testimony establish that the black ice condition was not present for a sufficient period of time to establish constructive notice (see Coelho v S & A Neocronon, Inc., 178 AD3d at 663; cf. Elassad v Nastasi, 165 AD3d 1040, 1041).
Since 22 Main failed to establish its prima facie entitlement to judgment as a matter [*2]of law, we need not consider the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of 22 Main's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court