Yongxi Li v Pei Xing Huang (2025 NY Slip Op 07432)

Yongxi Li v Pei Xing Huang

2025 NY Slip Op 07432

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-03309
 (Index No. 709795/19)

[*1]Yongxi Li, appellant, 
vPei Xing Huang, respondent.

LaRock & Perez, LLP, New York, NY (Dario Perez and Lawrence Goodman of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Sean H. Chung of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 16, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On January 30, 2019, the plaintiff, a resident in a two-unit house owned and lived in by the defendant, allegedly slipped and fell on an icy outdoor walkway adjacent to the private exterior entrance to the plaintiff's unit. The plaintiff commenced this action against the defendant to recover damages for injuries he allegedly sustained as a result of the fall. In a supplemental bill of particulars, the plaintiff alleged, inter alia, that the defendant was negligent in allowing a defect to exist on the property consisting of a "depressed area of the side yard walkway [that] allowed water to pond and freeze as well as retain[ed] moisture on the surface that would cause ice to form." After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. In an order entered March 16, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'Generally, a landowner owes a duty of care to maintain [its] property in a reasonably safe condition'" (Russo v Old Westbury Hebrew Congregation, 230 AD3d 604, 605, quoting Gronski v County of Monroe, 18 NY3d 374, 379; see Walsh v Steel O-III, LLC, 230 AD3d 536, 536-537). "That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of [the] property is best able to identify and prevent any harm to others" (Russo v Old Westbury Hebrew Congregation, 230 AD3d at 605 [internal quotation marks omitted]; see Butler v Rafferty, 100 NY2d 265, 270; Maharaj v Kreidenweis, 214 AD3d 717, 718). "'It has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property'" (Russo v Old Westbury Hebrew Congregation, 230 AD3d at 605, quoting Ritto v Goldberg, 27 NY2d 887, 889). "Accordingly, a landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (Yehia v Marphil Realty Corp., 130 AD3d 615, 616 [internal quotation marks omitted]). "However, an out-of-possession landlord may be liable for injuries occurring on the premises if 'it has retained control of the premises, is contractually obligated to perform maintenance and repairs, [*2]or is obligated by statute to perform such maintenance and repairs'" (id., quoting Denermark v 2857 W. 8th St. Assoc., 111 AD3d 660, 661).
Here, the evidence submitted by the defendant demonstrated that the defendant lived at the property where the plaintiff's accident occurred. Additionally, at his deposition, the defendant testified that the garbage cans for both sides of the property, which he maintained, were located on the plaintiff's side of the property and that he approached the garbage cans several times per week both to place trash in the garbage cans and to bring the garbage cans to the street for collection. Moreover, photographs submitted by the defendant depicting the area where the plaintiff fell demonstrated that the garbage cans were stored within a few feet of that area. Although the lease stated that the plaintiff was responsible for cleaning any accumulated snow from the entryway outside his private entrance, the lease also stated that the defendant was required to provide the plaintiff with a shovel and salt to complete this task. Finally, although the plaintiff testified at his deposition that he took care of snow removal for the area where he fell, his son testified at his deposition that in December 2018, approximately one month before the plaintiff's accident, the defendant had, on a few occasions, placed salt on ice in that area. Taken together, this evidence, submitted by the defendant in support of his motion and viewed in the light most favorable to the plaintiff as the nonmoving party, failed to eliminate triable issues of fact as to whether the defendant "'relinquished complete control' over the property such that [his] duty to maintain the premises in a reasonably safe condition was extinguished as a matter of law" (id. at 617, quoting Gronski v County of Monroe, 18 NY3d at 381; see Maharaj v Kreidenweis, 214 AD3d at 719).
"'In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]'" (Bristol v Biser, 230 AD3d 1098, 1099, quoting Elizee v Village of Amityville, 172 AD3d 1004, 1004). Moreover, "[w]here the defendant has actual knowledge of a recurrent dangerous condition, [it] may be charged with constructive notice of each specific recurrence of it" (Rivera v Waterview Towers, Inc., 181 AD3d 844, 845 [internal quotation marks omitted]). "A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017). "However, a 'general awareness' of a condition is insufficient to constitute notice of the particular condition that caused the fall" (id., quoting Piacquadio v Recine Realty Corp., 84 NY2d 967, 969).
Here, the defendant also failed to eliminate triable issues of fact as to whether he had actual knowledge of a recurrent dangerous condition, namely, the alleged defect in the "depressed area of the side yard walkway [that] allowed water to pond and freeze as well as retain[ed] moisture on the surface that would cause ice to form" (see Rivera v Waterview Towers, Inc., 181 AD3d at 846). Although the defendant denied knowing about the condition or having any conversations with the plaintiff about this condition, at his deposition, the plaintiff testified that prior to the accident, he had told the defendant "[f]our to five times" about the allegedly defective section of the side yard walkway, including that ice and snow would accumulate there in the winter. Moreover, several of the photographs submitted by the defendant depicted an accumulation of ice and snow in the allegedly defective area where the plaintiff fell (see id.; Fiore v Plainview Plaza, LLC, 137 AD3d 1202, 1203; Milano v Staten Is. Univ. Hosp., 73 AD3d 1141, 1141-1142).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court